1  PROMETHEUS PARTNERS LLP
   EDUARDO G. ROY (SBN 146316)
2  eduardo.roy@prometheus-law.com
   The Mills Tower
3  220 Montgomery Street, Suite 1094
   San Francisco, CA 94104
4  Telephone:   415.527.0255

5  Attorney for Defendant
   RACHEL SIDERS.
6



FILED

DEC 30 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:11-cr-00210-JAM |
|---|---|
| Plaintiff, | [~~Proposed~~] ORDER SEALING DOCUMENTS |
| v. | |
| VERA KUZMENKO, et al., | |
| Defendants. | |

1   Defendant Rachel Siders has submitted to the Court a Request to Seal Documents
2   covering her Ex Parte Motion for Severance and Continuance, the supporting Declaration of
3   Eduardo G. Roy, and supporting medical records attached thereto as exhibits. Defendant Siders
4   brings the motion on the basis that the covered documents set forth private and confidential
5   medical information that is not of legitimate public interest.

6   The public has a general right of access "to inspect and copy . . . judicial records and
7   documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed.
8   2d 570 (1978). This right extends to all judicial records except those that have "traditionally been
9   kept secret for important policy reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d
10  1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a
11  'strong presumption in favor of access' is the starting point." *Id.* (*citing Foltz v. State Farm Mut.*
12  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

13  The presumption of public access applies with particular force to materials directly
14  relevant to disposition of a case. "[T]he strong presumption of access to judicial records applies
15  fully to dispositive pleadings, including motions for summary judgment and related attachments,"
16  because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the
17  heart of the interest in ensuring the 'public's understanding of the judicial process and of
18  significant public events.'" *Kamakana*, 447 F.3d at 1179 (*quoting Valley Broadcasting Co. v. U.S.*
19  *Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

20  "A party seeking to seal a judicial record then bears the burden of overcoming this strong
21  presumption by meeting the 'compelling reasons' standard." *Id.* at 1178 (*citing Foltz*, 331 F.3d at
22  1135). The party must "articulate compelling reasons supported by specific factual findings that
23  outweigh the general history of access and the public policies favoring disclosure, such as the
24  public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotation marks and
25  citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in
26  disclosure and justify sealing court records exist when such 'court files might have become a
27  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
28  scandal, circulate libelous statements, or release trade secrets." *Id.* (*quoting Nixon*, 435 U.S. at

[PROPOSED] ORDER
2:11-CR-00210 JAM

2

598).

The Ninth Circuit has not specifically considered whether the sensitive nature of medical information justifies sealing court documents. However, in *Kamakana*, the Ninth Circuit implicitly acknowledged that medical information can be properly sealed. In that case, the Court affirmed the district court's decision to unseal documents because the defendant "[had] not made the requisite showing of good cause except as to those documents containing Plaintiff's medical records." *Kamakana*, 447 F.3d at 1186.

Moreover, numerous district courts across the country have found that the need to keep personal health information confidential is a proper and compelling reason to seal documents. *See James v. Servicesource, Inc.*, No. 3:07CV317, 2007 U.S. Dist. LEXIS 86169, 2007 WL 4190794, at *4 (E.D. Va. Nov. 21, 2007) (finding it appropriate to seal a pro se plaintiff's medical records due to their "sensitive nature"). This is especially so where the medical records are of third parties, or are not central to the disposition of a case. *See, e.g., Roberson v. Smith*, Nos. 5:07-CV-284-F, 5:08-CV-40-F, 2010 U.S. Dist. LEXIS 56636, 2010 WL 2332282 (E.D.N.C. June 9, 2010) (allowing the parties' motion to seal exhibits which contained medical records of third parties).

Federal courts have recognized, however, that where a party voluntarily puts his or her medical information or status into issue, it is more difficult to find that the party's privacy interests constitute a compelling interest that outweighs the First Amendment right of access to documents, even if the documents are medical records. *See, e.g., Mathews v. The Guardian Life Ins. Co. of America*, No. 1:98-CV-00106, 2014 U.S. Dist. LEXIS 58582, 2014 WL 1681693, at *1 (N.D. Ohio April 28, 2014) (finding that a plaintiff "waived any right to the confidentiality of her medical records when she made her medical condition and diagnoses at issue); *Lohr v. UnitedHealth Group Inc.*, No. 1:12CV718, 2013 U.S. Dist. LEXIS 118353, 2013 WL 4500692, at *4 (M.D.N.C. Aug. 21, 2013) (refusing to seal a plaintiff's medical records in a case challenging a denial of ERISA benefits); *Stanford v. Cont'l Cas. Co.*, 455 F. Supp. 2d 438, 446 (E.D.N.C. 2006) (recognizing that cases challenging a denial of ERISA health benefits routinely involve the disclosure of medical information and refusing to seal an administrative record that contained

1  medical records).

2      Here, Defendant Siders has satisfied the applicable "compelling reason" standard. She has articulated a specific and compelling interest, noting the Health Insurance Portability and Accountability Act of 1996, codified in 42 U.S.C. §§ 1320d et seq., establishes a protectible privacy interest in patient health information. The covered documents at issue contain, comprise, or discuss her patient health information. Moreover, the charges in this criminal action do not concern the medical condition of Defendant Siders, and she has not asserted any defenses placing her condition at issue. Therefore, such information does not implicate the public right to understand the judicial process. Under the circumstances, her privacy interest in personal medical information outweighs the public interest in access.

    Based on the foregoing, the Court therefore ORDERS that Defendant Siders' Ex Parte Motion for Severance and Continuance, the supporting Declaration of Eduardo G. Roy, and supporting medical records attached thereto as exhibits are hereby SEALED.

IT IS SO ORDERED.

DATED: 12-30-2014

By: _____
Hon. John A. Mendez
United States District Court Judge